UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Criminal No. 18-CR-20041-01

vs.                                                HON. BERNARD A. FRIEDMAN

DENZELL LITTLETON,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 39]. The government has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, currently confined at FCI-Milan in Milan, Michigan, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because he has asthma and he has

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

"been shot multiple times which also impact my breathing." Def.'s Mot. at 7. Defendant also complains generally about the lack of social distancing at FCI-Milan and points to the general danger of contracting the virus in prison. The government opposes the motion on the grounds that defendant's medical conditions do not place him at a significantly greater risk of experiencing complications were he to be infected by the coronavirus, and that he does not meet the other requirements for compassionate release.

This Court has summarized the legal standards applicable to this motion as follows:

> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).
>
> \* \* \*
>
> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when

---

warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)     extraordinary and compelling reasons warrant such a reduction . . . .

2

> considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *Austin*, 2020 WL 2507622, at *1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, the Court is not convinced that defendant's medical conditions, combined with his status as a prison inmate, place his health and safety at such great risk to constitute extraordinary and compelling reasons for release. While the Centers for Disease Control and Prevention indicates that people with moderate to severe asthma may be at risk of severe illness from COVID-19, defendant does not state (or present any medical records showing) that his asthma is this acute. Nor does defendant provide any information at all regarding his alleged breathing difficulties from his gunshot wounds.

Additionally, defendant has not shown that the risk of infection at FCI-Milan is unacceptably high. The Bureau of Prisons ("BOP") currently reports that no inmates at that facility are infected. *See* https://www.bop.gov/coronavirus (last visited Sept. 14, 2020). In its response brief, the government notes that the BOP has reduced the prison population by granting home confinement to over 7,600 inmates nationwide and that it has taken significant steps to minimize the spread of the virus at all BOP facilities. The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). Defendant has not shown that FCI Milan's efforts to control the spread of the virus are inadequate or that treatment is unavailable in the event he should become ill.

Further, this Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release.").

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release from prison. The Court also finds that release in this case would be all the more inappropriate in light of the fact that defendant has served only a fraction of his sentence for serious crimes. The Court sentenced defendant in October 2018 to a 78-month prison term, pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to drug possession, drug distribution, firearms, and counterfeiting charges.[2] The government estimates, and defendant appears to concede, that with credit for

---

[2] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C as follows:

> On January 19, 2018, FBI agents executed a search warrant at the home of Denzell Littleton . . . . Inside the house, agents found a shopping bag with 220.6 grams of marijuana below a table with a digital scale and packaging materials on it. Also next to the table was a loaded Professional Ordinance AR-15 assault pistol with a 27-round magazine and a drum magazine. Agents also found a loaded, stolen Walther PK380 handgun hidden in the couch and approximately 171.9 grams of marijuana packaged in bulk in the refrigerator.
> Agents also found a Fargo HDP 5000 printer, two fake

pretrial detention defendant has served only approximately two years, or 30% of his sentence. The Sixth Circuit has noted that this is a factor the Court may consider in deciding a motion for compassionate release, as it relates to the 18 U.S.C. § 3553(a) factors of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment for the offense. *See United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020). In the present case, the Court finds that releasing defendant after such a short period of time would seriously undermine each of these important sentencing objectives.

Finally, the Court finds that defendant is ineligible for release because he is a danger to the community, a disqualifying factor under § 1B1.13 of the Sentencing Guidelines. Drug dealing and guns are a dangerous combination, and defendant was found with two loaded guns and distribution quantities of a controlled substance. The multiple counterfeit credit cards found in defendant's possession showed defendant's involvement in credit card fraud and identify theft, crimes that also greatly danger the community. Accordingly,

---

Illinois driver's licenses, a MasterCard issued to "Omesha Johnson," and a partially created Bank of America Visa card in which no name or account number was embossed on the front and no account information was encoded on the back, and blank cards used to produce counterfeit credit cards (*i.e.*, 15 blank white cards; 16 blank cards with chips). In addition, agents found nine counterfeit MasterCards that bore the name Denzell Littleton. Five of the cards purported to be PNC Bank MasterCards, and four purported to be US Bank MasterCards, but the account numbers embossed on the front of the cards were issued by different financial institutions. Similarly, the accounts encoded on the magnetic strip on the back of the cards did not match the number embossed on the front. In other words, the cards contained stolen credit card numbers on both the front <u>and</u> the back of the cards.

IT IS ORDERED that defendant's motion for compassionate release is denied.

                                        s/Bernard A. Friedman
                                        Bernard A. Friedman
Dated: September 15, 2020      Senior United States District Judge
      Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2020.

Denzell Littleton, 56374-039      s/Johnetta M. Curry-Williams
Milan 5752 Federal Correctional Institution    Case Manager
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160